## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES DEON LADD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )          **Case No. 13-CV-0245-CVE-FHM** |
| | ) |
| **JOE M. ALLBAUGH, Interim Director,[1]** | ) |
| | ) |
| **Respondent.** | ) |

### OPINION AND ORDER

Before the Court is the petition for habeas corpus (Dkt. # 1), filed by Petitioner Charles Ladd,

a state prisoner appearing pro se.  Respondent filed a response (Dkt. # 6) and provided the state court

records (id.) necessary for adjudication of Petitioner's claims.  Petitioner did not file a reply to the

response.  For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On October 24, 2009, Petitioner and Brian Moss were cooking methamphetamine in Tulsa,

Oklahoma, when the contents of a bottle exploded.  Dkt. # 6-1 at 3-4.  Petitioner was "burned from

his knees to his ankles and on his feet," and Moss was burned on his "face, scalp, torso and arms .

. . amounting to 45% of his body."  Id. at 4 (citations omitted).  Moss was taken to the hospital and

died from "respiratory failure and sepsis as a result of his burns."  Id. (citation omitted).

Petitioner was charged  in Tulsa County District Court, Case No. CF-2010-874, with First

Degree Felony Murder by committing First Degree Arson (Count 1), First Degree Arson by

---

[1] Petitioner is in custody at Lawton Correctional Facility, a private prison located in Lawton, Oklahoma.  Pursuant to Rule 2(a), Rules Governing Habeas Corpus Cases, the proper party respondent in this matter is Joe M. Allbaugh, Interim Director of the Oklahoma Department of Corrections.  Therefore, Joe M. Allbaugh, Interim Director, is substituted in place of Justin Jones, Director, as party respondent.  The Clerk of Court shall note the substitution on the record.

Manufacturing Methamphetamine (Count 2), and Manufacturing Methamphetamine (Count 3).  Id.

at 1.  The record reflects that, at the conclusion of trial, a jury convicted Petitioner of the lesser

included offense of Second Degree Felony Murder (Count 1).[2]  Dkt. # 6-3 at 1.  The jury

recommended a sentence of thirty (30) years imprisonment, and the trial judge sentenced Petitioner

in accordance with the jury's recommendation.[3]  Id.  Attorneys Marny Hill and Chris Brecht

represented Petitioner at trial.  Id. at 4.

Petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA)

(Dkt. # 6-1).  Represented by attorney Curtis Allen, Petitioner raised one (1) proposition of error,

as follows:

| | |
|---|---|
| Proposition 1: | The range of punishment for Second Degree Murder with one prior felony is ten (10) years to life.  The court erroneously instructed the jury that the range of punishment was twenty (20) years to life. |

(Id.).  In an unpublished summary opinion, entered December 13, 2012, in Case No. F-2011-881,

the OCCA affirmed the trial court's judgment and sentence (Dkt. # 6-3).

On April 29, 2013, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).

Petitioner identifies two (2) grounds of error, as follows:

| | |
|---|---|
| Ground 1: | The range of punishment for second degree murder with one prior felony is ten (10) years to life.  The Court erroneously instructed the jury that the range of punishment was (20) years to life – violating my 5th/14th U.S. Amendment(s) of equal/due process. |

---

[2] The jury acquitted Petitioner of Count 2, and the trial court dismissed Count 3.  Dkt. # 6-3 at 1 n.1.

[3] Second Degree Felony Murder is an "eighty-five percent" crime under Oklahoma law, meaning Petitioner must serve not less than eighty-five percent of the thirty year sentence prior to becoming eligible to earn sentence credits or for parole.  Okla. Stat. tit. 21, § 13.1(2).

Ground 2:                Ineffective Appellate Counsel for failure to raise ineffective trial counsel for not objecting to the faulty jury instruction regarding proper sentencing range.     Violating the defendant(s) 6th Amendment under the U.S. Constitution.

(Id.).  In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief (Dkt. # 6).

## *ANALYSIS*

### A.     Petition for Writ of Habeas Corpus

#### 1.     Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Petitioner presented the claim raised in Ground 1 to the OCCA on direct appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied as to Ground 1.  The claim raised in Ground 2 was not presented to the OCCA and is unexhausted.  Even so, the Court can deny the claim on the merits and deny a writ of habeas corpus under 28 U.S.C. § 2254(b)(2).

In addition, the Court finds Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

#### 2.     Ground 1: Jury Instruction Error

As his first ground of error, Petitioner alleges that the trial judge improperly instructed the jury on the range of punishment.  The OCCA adjudicated this claim on direct appeal.  As a result, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard of review.

Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. (citation and internal quotation marks omitted); see Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

Generally, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state court determinations on state law questions). When conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citations omitted).

4

In Ground 1, Petitioner alleges that the trial court violated his due process and equal protection rights when it "erroneously instructed the jury that the range of punishment was (20) years to life" instead of "ten (10) years to life." Dkt. # 1 at 5.  Petitioner argued on direct appeal that his sentence for Second Degree Felony Murder, after a prior felony conviction, should have been enhanced under Okla. Stat. tit. 21, § 51.1(A)(1) (providing for a minimum sentence of ten (10) years imprisonment).  Dkt. # 6-3 at 2.  Instead, Petitioner's sentence was enhanced under Okla. Stat. tit. 21, § 51.1(A)(2).  Id.  Under this section, the minimum sentence is "twice the minimum term for the first time offender."  Okla. Stat. tit. 21, § 51.1(A)(2).  Because Petitioner's sentence was enhanced under § 51.1(A)(2), the trial judge instructed the jury that the minimum sentence was twenty years and not ten years.  Dkt. # 6-3 at 2.

The OCCA noted that "the range of punishment for second degree murder is from ten years to life imprisonment."  Dkt. # 6-3 at 1 (citing Okla. Stat. tit. 21, § 701.9(B) (2004)).  While Section 51.1 "allows enhancement of this crime after one prior conviction under two separate subsections," the OCCA stated that Petitioner's sentence "under section 51.1(A)(1) makes no sense as the range of punishment under this enhancement provision is exactly the same as the range of punishment for second degree murder without any prior convictions.  It is, essentially, no enhancement at all."  Id.  The OCCA concluded that the "trial court instructed the jury on the correct range of punishment under the correct enhancement provision" – § 51.1(A)(2) – because "[a]llowing enhancement under a statutory provision [§ 51.1(A)(1)] which provides the same range of punishment as an unenhanced sentence yields absurd consequences and cannot be permitted."  Id. at 3.

Petitioner argues in his habeas petition that, because both statutes were potentially applicable to his case, he "shouldn't be held liable for conflicting state/statute(s)/law" and the jury should have

been instructed that the minimum sentence was ten years.  Dkt. # 1 at 5.  Petitioner's claim is a

matter of state law and is not cognizable by this Court on habeas review.[4]  Estelle, 502 U.S. at

67–68.  Sentence enhancement procedures are matters of state law.  See Johnson v. Cowley, 40 F.3d

341, 345 (10th Cir. 1994).  Questions of conflicts between state statutes are also matters of state law.

See Andrews v. Swartz, 156 U.S. 272, 275 (1895);  Johnson v. Ward, 15 F. App'x 613, 614 (10th

Cir. 2001) (unpublished)[5]; Kopec v. Leyba, No. 08-CV-02655-BNB, 2009 WL 1064246, at *4 (D.

Colo. Apr. 17, 2009) (unpublished).  "A state court's interpretation of state law . . . binds a federal

court sitting in habeas corpus."  Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (citations omitted).

Therefore, Petitioner's claim is not within the purview of this habeas court, and habeas relief is

denied for Ground 1.

> ### 3.    Ground 2: Ineffective Assistance of Counsel

In Ground 2, Petitioner alleges that his appellate counsel was ineffective "for fail[ing] to

raise ineffective trial counsel for not objecting to the faulty jury instruction regarding proper

sentencing range."  Dkt. # 1 at 6.  This claim was not presented to the OCCA and is unexhausted.

Even so, this Court can deny the claim on the merits under 28 U.S.C. § 2254(b)(2).

To be entitled to habeas corpus relief on this claim of ineffective assistance of counsel,

Petitioner must satisfy the two-pronged standard announced in Strickland v. Washington, 466 U.S.

668 (1984).  Under Strickland, a defendant must show that (1) his counsel's performance was

deficient and that (2) the deficient performance was prejudicial.  Strickland, 466 U.S. at 687.

---

[4] While Petitioner claims that the trial judge's enhancement instruction also violated his rights to due process and equal protection, he makes no argument in support of these claims.

[5] This and other unpublished court decisions herein are not precedential but are cited as persuasive authority.  See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  As stated above, the Tenth Circuit directed that:

> [i]f the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.

Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (citations and footnote omitted); see Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998). In addition,

> to satisfy Strickland's deficient performance element, a habeas petitioner "must . . . show that his [appellate] counsel was objectively unreasonable in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them."  To satisfy Strickland's prejudice element, a petitioner must establish "a reasonable probability that, but for his counsel's unreasonable failure to [raise an issue], he would have prevailed on his appeal."

Kidwell v. Martin, 480 F. App'x 929, 933 (10th Cir. 2012) (unpublished) (citations omitted).  The Tenth Circuit has consistently held that "[w]hile counsel should not omit 'plainly meritorious' claims, counsel need not raise meritless issues." Smith v. Workman, 550 F.3d 1258, 1268 (10th Cir. 2008) (citation omitted).  To prevail, a petitioner must "show an 'objectively unreasonable' decision by the appellate counsel as well as a 'reasonable probability that the omitted claim would have resulted in relief.'" Id.  (citation omitted).

To state a claim of ineffective assistance of trial counsel, a petitioner must show that counsel performed below the level expected from a reasonably competent attorney in a criminal case.

Strickland, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689 (citation omitted).  In making this determination, a court must "judge .  .  .  [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Id. at 690.  Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689 (citation omitted).

To establish the second prong, a defendant must show that the deficient performance prejudiced the defense, to the extent "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999); Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011) (stating that a petitioner must show that counsel's errors rendered the results of the trial unreliable).  "The likelihood of a different result must be substantial, not just conceivable."  Richter, 562 U.S. at 112.

Petitioner claims that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel on direct appeal based on trial counsel's failure to object to the enhancement of Petitioner's sentence under Okla. Stat. tit. 21, § 51.1(A)(2). Dkt. # 1 at 6.  As discussed above in section A.2.b., the OCCA found that Petitioner's sentence was enhanced under the proper statute.  Because there was no error, Petitioner cannot show that his trial counsel was ineffective for failing to object to enhancement under Okla. Stat. tit. 21, § 51.1(A)(2).  Additionally,

because trial counsel was not ineffective, Petitioner's claim of ineffective assistance of appellate counsel is meritless.  Therefore, Ground 2 is denied on the merits under 28 U.S.C. § 2254(b)(2).

**B.      Certificate of Appealability**

Pursuant to Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253, the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" and the Court "indicate[s] which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests the Tenth Circuit would conclude that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason.  <u>See</u> <u>Dockins v. Hines</u>, 374 F.3d 935, 937-38 (10th Cir. 2004).  The record is devoid of any authority suggesting the Tenth Circuit Court of Appeals would resolve the issues in this case differently.  The Court will deny a certificate of appealability.

### *CONCLUSION*

After careful review of the record, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.  Therefore, the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that,

1.      The Clerk shall note on the record the substitution of Joe M. Allbaugh, Interim Director, in

place of Justin Jones, Director, as party respondent.

2.      The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3.      A certificate of appealability is **denied**.

4.      A separate judgment shall be entered in this matter.

**DATED** this 18th day of May, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE